IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHRISTY L. GALLAGHER | |
| Plaintiff, | |
| | No. |
| v. | |
| BUCKS COUNTY RAILROAD PRESERVATION AND RESTORATION, CORP., doing business as, NEW HOPE & IVYLAND RAILROAD | JURY TRIAL DEMANDED |
| Defendant. | |

## CIVIL COMPLAINT

Plaintiff Christy L. Gallagher files the following Complaint against Defendant Bucks County Railroad Preservation and Restoration, Corp., doing business as, New Hope & Ivyland Railroad, and in support thereof avers as follows:

### Jurisdiction and Venue

1. The jurisdiction of this Court is based upon 28 U. S. C. §1331 in that this Court has original jurisdiction over Counts I and II, which are based upon laws of the United States of America, the Americans with Disabilities Act, 42 U.S.C. §12101, as amended by the ADA Amendments Act of 2008 ("ADA"); and the Family and Medical Leave Act ("FMLA"), 29 U. S. C. §2601.

2. Plaintiff requests a trial by jury of the claims raised herein.

3. Venue is appropriate in this Court pursuant to 28 U. S. C. §1392(b) in that Defendant has ongoing business operations in this District and the events giving rise to the claim occurred in this District.

4.     The amount in controversy exceeds $150,000.00, exclusive of interest and costs.

5.     Plaintiff has complied with the applicable administrative remedies by filing a Charge with the Equal Employment Opportunity Commission ("EEOC") Charge no. 530-2014-01779, and simultaneously filing a Charge with the Pennsylvania Human Relations Commission ("PHRC") (Case no. unknown).

6.     On September 11, 2014, the EEOC issued a Notice of Right to Sue permitting Plaintiff to file her claims under the ADA in this action.

7.     Plaintiff intends to amend this Complaint and assert a cause of action for disability discrimination under the Pennsylvania Human Relations Act, 43 P. S. 955(a) ("PHRA") upon receipt of applicable authority from the PHRC.

## Parties

8.     Christy L. Gallagher is an adult female who resides at 126 Bustleton Pike, Churchville, PA 18966.

9.     Defendant Bucks County Railroad Preservation and Restoration, Corp., doing business as, New Hope & Ivyland Railroad ("Bucks County Railroad"), is a Pennsylvania for Profit Corporation which maintains a principal place of business in the Commonwealth of Pennsylvania at 32 West Bridge Street, New Hope, PA 18938.

10.    At all times relevant hereto, Defendant Bucks County Railroad was acting through its agents, servants and employees, who were acting within the scope of their authority in the course of their employment and under the direct control of Defendant.

## Factual Background

11.     In July 2007, Plaintiff Gallagher was hired by Defendant Bucks County Railroad.

12.     Plaintiff Gallagher's duties as a full-time employee included assisting the General Manager with daily operations, managing a staff of employees, marketing, event planning/sales, administrative duties, train service, training, inventory and catering.

13.     As of the year 2013, Plaintiff Gallagher earned an annual salary of approximately $42,000.00, plus a bonus and comprehensive employment benefits package, including company sponsored medical insurance coverage, a railroad pension and reimbursement for cell phone expense.

14.     Defendant Bucks County Railroad operates a "for profit" freight operation and train service tourist attraction between Ivyland, PA and New Hope, PA, and caters to groups by providing private charters, group events and birthday parties; and also operates a gift shop.

15.     During the calendar year 2012 Defendant Bucks County Railroad employed 50 or more employees for each working day during each of 20 or more calendar workweeks.

16.     During the calendar year 2013 Defendant Bucks County Railroad employed 50 or more employees for each working day during each of 20 or more calendar workweeks.

17.     During the calendar year 2014 Defendant Bucks County Railroad employed 50 or more employees for each working day during each of 20 or more calendar workweeks.

18.     During the course of Plaintiff Gallagher's employment with Buck County Railroad Plaintiff worked 40-65 hours per week and sometimes even more hours.

19.     In the course of Plaintiff Gallagher performing her job duties Plaintiff performed a managerial function.

20. Plaintiff Gallagher's primary duties included the exercise of discretion and independent judgment with respect to matters of significance.

21. Defendant Bucks County Railroad. paid Plaintiff Gallagher the same salary when she worked over forty (40) hours per week.

22. During the course of her employment, Gallagher more than adequately performed all assigned tasks and responsibilities in an efficient and capable fashion.

23. Defendant Buck County Railroad's employees Jeffrey Kemner, former Shop Manager; Michael Donovan, Engineer; and Michael Squiteri, Coach Maintenance Manager, can confirm Gallagher's superior work performance.

24. On April 23, 2011, Plaintiff Gallagher was involved in an automobile accident and she sustained injuries to her neck and back.

25. Following the accident Plaintiff Gallagher suffered from persistent neck and back pain and she has had a continuous course of therapy and treatment under physician supervision.

26. Plaintiff Gallagher has been diagnosed as having degenerative disc disease and spondylothesis.

27. As a consequence of her medical condition Plaintiff Gallagher is limited in her ability to sit, stand, drive or walk for significant periods and cannot lift without consequence, or bend over repetitively sitting at a desk, typing and being on the telephone also caused Plaintiff Gallagher neck pain.

28. Plaintiff Gallagher exhausted medical benefits provided under her automobile insurance policy for injuries sustained from the accident and as a consequence she has had to

use group health insurance benefits provided through Defendant Bucks County Railroad to pay medical bills.

29. Following the automobile accident, Plaintiff Gallagher was initially able to continue working with pain as she had before the accident.

30. As of October 2013, the pain had become severe enough that it prevented Plaintiff Gallagher from reporting to work at Defendant's place of business on a regular basis.

31. Plaintiff Gallagher consulted with her treating physician and on October 20, 2013, Gallagher provided a doctor's note supporting her request for a workplace accommodation in the form of being permitted to work at home.

32. Plaintiff Gallagher made the workplace accommodation request to Paul Harland, Defendant's General Manager.

33. Defendant Bucks County Railroad initially agreed to the accommodation and Plaintiff Gallagher worked at home and on occasion, when necessary, she traveled to Defendant's place of business through the end of December 2013.

34. As a direct consequence of Plaintiff Gallagher's efforts, during the third quarter of 2013, Defendant Bucks County Railroad experienced the highest third quarter sales in its history.

35. In December 2013, Plaintiff Gallagher notified General Manager Harland that she would be having a nerve block injection in January 2014, and in February 2014, she would be having spinal surgery which could require a leave of absence from work for up to three months, although she hoped to be able to work on a light duty basis shortly after the surgery.

36. Historically during the months of January through March, Plaintiff Gallagher worked fewer hours than during other times of the year.

37. Despite her superior work performance, in December 2013, Plaintiff Gallagher was notified that her annual bonus was being reduced by two-thirds as compared to the annual bonus that she received in the year 2012.

38. Bonuses given to other Bucks County Railroad employees in December 2013 who were not receiving a work place accommodation were not reduced in a similar manner.

39. In December 2013 after Plaintiff Gallagher notified General Manager Harland that she would be having a never block injection in January 2014, and spinal surgery in February 2014, Defendant Bucks County Railroad hired Tricia Morck Falcone ("Falcone") as a "Senior Marketing Consultant"; Falcone remains employed by Defendant.

40. Falcone's duties include many of the duties previously performed by Gallagher.

41. Falcone does not have any health issues, does not have a record of a disability and has never request a reasonable accommodation.

42. On January 2, 2014, Defendant Bucks County Railroad notified Plaintiff Gallagher by email that her employment was terminated effective immediately and that she had to turn in her keys and any other railroad property, "ASAP."

43. Defendant's proffered reason for terminating Gallagher's employment is that she was working fewer hours than before, working from home, did not work as hard as other members of management and was ungrateful.

44. As a consequence of the termination of Plaintiff Gallagher's employment, she has had to continue the medical insurance coverage provided by Defendant Bucks County Railroad by personally paying COBRA insurance at a rate of over $450.00 per month and also has had to continue to pay the monthly cell phone bill of $120.00 used for business purposes which is in her name as the account remains under a term contract.

45. On February 25, 2014, Plaintiff Gallagher had spinal fusion surgery at the Christiania Spinal Center.

46. On March 17, 2014, Plaintiff Gallagher was released to return to work full time work with an eight pound lifting restriction, and restrictions as to no bending pushing or pulling, and sitting and standing at her discretion.

47. During the course of Plaintiff Gallagher's employment Defendant Bucks County Railroad terminated two full-time employees who were on medical leave.

48. The employees terminated while on medical leave were Barbara Stanert, a Business Manager, who was on leave for a stomach condition that required surgery; and Duane (Bo) Johnson, a Track Laborer, who was on leave with a herniated disc caused by lifting during work.

49. Defendant Bucks County Railroad has discriminated against Plaintiff Gallagher based on its perceptions concerning her health, and the impact that the cost of Gallagher's medical bills and surgery have had, and could in the future have, on Defendant Bucks County Railroad's health insurance coverage.

50. In terminating Plaintiff Gallagher's employment, Defendant Bucks County Railroad has discriminated against Gallagher based upon a known disability, regarded Gallagher as disabled, discriminated against Gallagher because he had a "record of a disability" and failed to provide Gallagher with a reasonable accommodation.

## COUNT I

### VIOLATION OF AMERICANS WITH DISABILITIES ACT, AS AMENDED BY THE ADA AMENDMENTS ACT OF 2008

### 42 U. S. C. §12101, et. seq.

### DISABILITY DISCRIMINATION

51    Paragraphs 1 to 50 are incorporated herein as if set forth in full.

52.    Plaintiff Gallagher has a "disability" in the form of a physical impairment that substantially limits one or more major life activities, including driving or walking for significant periods, lifting more than eight pounds, bending over and repeatedly sitting and standing.

53.    Plaintiff Gallagher's impairments are not of a transitory and minor nature and lasted well more than six months.

54.    Plaintiff Gallagher's condition qualifies as a physical impairment that substantially limits one or more major life activities under 42 U.S.C. §12102(1)(A).

55..    Defendant Bucks County Railroad regarded Plaintiff Gallagher as having a condition rendering her unable to perform a major life activity that the average person in the general population can perform; or significantly restricts Plaintiff as to the condition, manner or duration under which he could perform a particular major life activity as compared to the condition, manner, or duration under which the average person in the general population can perform that same major life activity.

56.    Defendant Bucks County Railroad failed to make a reasonable accommodation to Plaintiff Gallagher's known disability in the form of continuing to permit Plaintiff to work from home and to take a leave from work.

57. Plaintiff Gallagher's proposed accommodation would permit her to perform the essential functions of her job.

58. The proposed accommodations would not impose an undue hardship on Defendant Bucks County Railroad.

59. Plaintiff Gallagher suffered an adverse employment action.

60. In terminating Plaintiff Gallagher's employment, Defendant Bucks County Railroad has discriminated against Plaintiff Gallagher based on a known disability.

61. Defendant Bucks County Railroad also regarded Plaintiff Gallagher as disabled, and discriminated against Plaintiff Gallagher because he had a "record of a disability."

WHEREFORE, Plaintiff Christy L. Gallagher requests that this Court enter judgment in her favor against Defendant Bucks County Railroad Preservation and Restoration, Corp., doing business as, New Hope & Ivyland Railroad, and award Plaintiff all monetary damages available under the Americans with Disabilities Act, including monetary damages exceeding $150,000.00, interest compensatory damages, punitive damages, reasonable attorneys' fees, reasonable expert witness fees, interest, costs, and any other relief which the Court deems appropriate.

## COUNT II

### VIOLATION OF FAMILY AND MEDICAL LEAVE ACT
### 29 U. S. C. §2601, et. seq.

62. Paragraphs 1 to 61 are incorporated herein as if set forth in full.

63. Plaintiff Gallagher was an eligible employee under the FMLA in that at the time she advised Defendant Bucks County Railroad that she would be requiring a

leave from work she had been continuously employed by Defendant for at least 12 months during which time she worked at least 1,250 hours.

64. At all times during and after Plaintiff Gallagher's employment Defendant Bucks County Railroad was/is an Employer subject to the FMLA in that it is engaged in commerce or in any industry or activity affecting commerce, and employed / employs 50 or more employees for each working day during each of 20 or more calendar workweeks in the calendar years 2012, 2013 and 2014.

65. At the time in which Plaintiff Gallagher was terminated, Defendant Bucks County Railroad was an employer subject to the FMLA.

66. Plaintiff Gallagher experienced a "serious health condition" as defined by the FMLA, which required an impending leave form work.

67. Plaintiff Gallagher was entitled to a minimum of twelve workweeks of leave under the FMLA during any rolling twelve-month period.

68. Plaintiff Gallagher notified Defendant Bucks County Railroad of the need to avail herself of a leave from work.

69. Defendant Bucks County Railroad interfered with Plaintiff Gallagher's FMLA rights by not allowing Gallagher to exercise her right to FMLA benefits.

70. Defendant Bucks County Railroad retaliated against Plaintiff Gallagher by terminating her employment.

71. Defendant Bucks County Railroad's conduct with respect to Plaintiff Gallagher violates the FMLA.

72. Plaintiff Gallagher has sustained substantial damage as a result of Defendant Bucks County Railroad's conduct.

WHEREFORE, Plaintiff Christy L. Gallagher requests that this Court enter judgment in her favor against Defendant Bucks County Railroad Preservation and Restoration, Corp., doing business as, New Hope & Ivyland Railroad, and requests that the Court award Plaintiff monetary damages equal to the amount of wages, employment benefits, and any other actual monetary losses sustained, interest, liquidated damages as defined by the Family and Medical Leave Act, attorneys' fees, expert witness fees, interest, costs, all other relief awardable under the Family and Medical Leave Act, and any other relief which the Court deems appropriate.

Andrew S. Abramson, Esq.
Abramson Employment Law, LLC
790 Penllyn Pike
Suite 205
Blue Bell, PA 19422
267-470-4742

Attorney for Plaintiff Christy L. Gallagher

Dated: September 30, 2014